Edward D. Fitzhugh
2059 E. La Vieve Lane
Tempe, AZ 85284
(480) 363-0887
Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br>Edward D. Fitzhugh,<br>    Debtor. | NO: 2:13-bk-09235   Chapter 7 |
| U.S. Bank National Association, successor trustee to Wachovia Bank, National Association, as trustee, in trust for the J.P. Morgan Alternative Loan Trust 2005-S1, holders of Mortgage Pass-Through Certificates, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.,<br>    Movant,<br>v.<br>Edward D. Fitzhugh, Debtor; David A. Birdsell, Chapter 7 Trustee,<br>    Respondents. | DEBTOR'S OBJECTION TO U.S. BANK NATIONAL ASSOCIATION'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>Re: Real Property at 2059 E La Vieve Ln. Tempe, AZ 85284 |

Debtor submits an objection to U.S. Bank National Association's ("Movant") Motion for Relief from the Automatic Stay regarding the real property located at 2059 E La Vieve Lane, Tempe, AZ 85284. The lender, at a minimum is acting without knowing what its employees and agents' actions are or, at worst, a plan of prompting the Debtor to rely on their representations and not seek others means of keeping his home.

The Movant's actions include:

**FILED**

DEC 0 2 2013

1. Beginning a few months earlier, Debtor began negotiating with Movant's agent, Select Portfolio Servicing ("SPS") on a sponsored loan modification. Toward this end, Debtor received from SPS a five page application which he prepare and faxed back to SPS. When he did not receive any follow-up, Debtor telephoned the SPS representative leaving at least one and possibly two messages without a response.

2. Approximately a month ago, Debtor received correspondence from a San Diego law firm. Debtor faxed a note to the firm informing them of the situation and his negotiations with SPS. Debtor included a copy of the fax receipt from his faxing of his application to SPS.

3. Approximately two weeks ago, Debtor received the Motion to Lift Stay from this Scottsdale law firm. On November 20, 2013, Debtor contacted the law firm speaking to "Natalia" explaining the situation to her. Natalia assured Debtor she would make inquiries and contact Debtor. To date, Natalia has not called back.

4. On November 26, 2013, Debtor again telephoned the law firm, this time speaking to Kelly(s?) who assured him she would determine why two different directions were being taken regarding the loan. At Debtor's request, Kelly(?) agreed to fax a document confirming the gist of their conversation and that no action would be taken on the pending Motion until the matter had been resolved. To date, Debtor has not received the promised fax from Kelly(?) or a return call from her or Natalia.

For months Debtor has, in good faith, been negotiating with Movant's representative. It was to the point that Debtor was told of the monthly payment, both

principal and interest and the estimated monthly amount, adding taxes and insurance. One of the documents Debtor provided SPS was a signed Release to enable SPS to obtain Debtor's IRS tax returns to verify his ability to afford the new monthly mortgage payments.

WHEREFORE, Debtor requests the court deny the Movant's Motion until these matters are fairly resolved.

DATED this 27th day of November, 2013.

_____
Debtor

ORIGINAL mailed for filing this 27th day of November, 2013, with:

US Bankruptcy Court
230 N. 1st Avenue, #101
Phoenix, AZ 85003

COPIES mailed the same day to:

David Birdsell, Trustee
216 N. Center
Mesa, AZ 85201

Christopher J. Dylla, Esq.
McCARTHY HOLTHUS & LEVINE, P.C.
8502 E. Via de Ventura, Suite 200
Scottsdale, AZ 85258
Attorney for U.S. Bank National Association

By: *Edward D. Fitzhugh*